UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL-HEINZ KUEBLER,

           Plaintiff,                            Case Number 22-10485

v.                                                     Honorable David M. Lawson

KACO USA, INC., KACO USA LLC,
KACO GMBH + CO. KG, and ZHONGDING
SEALING PARTS (USA), INC.,

           Defendants.

_____/

## **STIPULATED PROTECTIVE ORDER**

Based on the stipulation of the parties and Rule 26 of the Federal Rules of Civil Procedure, the following is **ORDERED**.

       1.       The parties may use all discovery material, including discovery responses and deposition transcripts, produced in discovery in this litigation solely for purposes of the litigation and for no other purpose. If, in the course of discovery or other proceedings in this action, defendants or the plaintiff, any party to the litigation, or any third party discloses discovery material it deems confidential, or proprietary, the producing entity may designate such discovery material as "Confidential." Discovery material designated as Confidential, and all copies, summaries, or extracts thereof, shall be referred to herein as "Confidential Material," and shall be subject to all the terms of this order.

       2.       Documents may be designated Confidential by stamping each page of the document with the legend "Confidential." Specific deposition testimony may be designated Confidential by so indicating orally on the record during the deposition or by subsequent designation in writing by the deponent or his/her attorney. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the legend "Confidential."

3. Any person in possession of Confidential Material shall maintain it in a secure manner so as to avoid disclosure of its contents in any manner not permitted by this order.

4. Except as provided in paragraph 5 below, Confidential Material shall not be disclosed without prior written consent of the designating party.

5. Confidential Material may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a) the Court (including any appellate court) and Court personnel;

    (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings;

    (c) attorneys (including in-house and outside counsel) of the parties to the litigation (or the corporate parent of a party to the litigation) who are directly involved in the litigation, and such attorneys' employees who are directly involved in the litigation.

    (d) parties to the litigation and their officers, directors, trustees, and employees of the corporate parent of a party to the litigation who are directly involved in assisting or supervising the attorneys, officers, or employees in connection with the litigation.

    (e) the creator and addressees of such Confidential Material and persons who received a copy thereof independent of its production in the litigation;

    (f) anticipated and actual fact witnesses other than the parties to the litigation, provided that counsel has a good-faith basis to disclose such information to such witness; and

    (g) experts, advisors, consultants, and other persons engaged to assist directly in the litigation.

6. Prior to disclosure of Confidential Material to any person specified in paragraphs 5(g) above, counsel for the party proposing to make such disclosure shall ensure that a copy of this

order has been delivered to such person. With respect to persons specified in paragraph 5(g) above, such counsel shall obtain that person's written agreement to be bound by the terms of this order. The requirement of obtaining written agreement may be satisfied by obtaining the signature of such person at the foot of a copy of this order or by an email confirming the person's agreement to be bound. A person's written agreement to be bound by the terms of this order is also an agreement to submit to the jurisdiction of the Court solely for purposes of enforcing this order. Counsel of record for each of the parties to the litigation shall maintain a file of executed agreements. With respect to persons specified in paragraph 5(f) and (g) above, any testimony concerning Confidential Material shall itself be deemed Confidential Material.

7. The parties, through their respective counsel, shall be prohibited from disclosing the medical records of any party for any purpose other than the pending litigation and only to the extent necessary as it relates to any claim or defense in this litigation.

8. In the event that counsel for any signatory to this order at any time believes that Confidential Material should cease to be so designated, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within fourteen calendar days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within fourteen calendar days thereafter, the designating party shall have the burden of moving and may move upon proper notice to obtain an appropriate protective order within fourteen days of the date the parties reach impasse. The prevailing party may request attorneys' fees, and the non-moving party may argue that fees are not appropriate. In the event that such a motion is made, any disputed Confidential Material shall remain subject to and protected by this order until such motion is resolved. If the designating party fails to file a

motion with the Court within fourteen days of the date which the parties reach an impasse, the information shall not be considered Confidential Material.

9. Confidential Material may be disclosed to the Court, including, but not limited to, pleadings filed with the Court, exhibits filed with the Court, and at proceedings before the Court, subject to paragraph 22, below.

10. This order does not restrict a designating party's use of its own Confidential Material.

11. The inadvertent failure to designate discovery material as Confidential may be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed to persons other than those listed in paragraph 5 hereof and to prevent further use or disclosure of Confidential information contained therein by such persons.

12. The inadvertent production of any discovery material in this action shall not waive any claim that such discovery material is protected from discovery by the attorney-client privilege or attorney work-product doctrine and no person shall be held to have waived any rights by such inadvertent production.  Any discovery material inadvertently produced and subsequently made subject to a claim of privilege or work-product shall immediately be returned to the producing person, and all copies or summaries thereof immediately destroyed, and such discovery material shall not be introduced into evidence in this or any other proceeding by any person, nor will such discovery material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this lawsuit.  The production of any discovery material in this lawsuit, which, absent such production, would have been in whole or in part privileged under the attorney-client privilege or the attorney work-product doctrine, will not waive the attorney-client privilege

or the attorney work-product doctrine as to any material not produced, regardless of its subject matter.

13. Any party may designate material as Confidential Material where the material was previously disclosed before the entry of this order.

14. If any person in possession of Confidential Material is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response; and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives notice). Nothing herein shall be construed as requiring the person served with any legal process or other request seeking production of Confidential Material to refuse to comply with its legal obligations regarding such process or request.

15. Nothing in this Order shall be deemed in any way to restrict the use of discovery material that is publicly available or has been legally obtained independent of formal discovery in the litigation, whether or not the same material has also been obtained through formal discovery in the litigation.

16. To the extent that there is any conflict between the terms of this order and rules of the Court, the rules of the Court will govern.

17. Within thirty days following the termination of this action and any related proceedings and appeals, any person in possession of Confidential Material shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party

that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Material, with such papers remaining subject to the terms and conditions of this order.

18. The terms of this order shall be effective, and the parties and their counsel shall be bound by the terms of this order, on the date the order is entered by the Court.

19. The terms of this order shall not terminate at the conclusion of the litigation.

20. Before this order is entered by the Court, Confidential Material may be designated and shall be subject to the terms of this order to the same extent as though the order has been entered by the Court.

21. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a

motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

22. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

23. Nothing in this order shall preclude any party from applying to the Court for modification of the terms of this order as may be appropriate; provided that, prior to any such application, the parties shall confer and make a good faith effort to resolve the matter by agreement.

24. The joint motion for a protective order filed by the parties on August 31, 2022 (ECF No. 14) is **STRICKEN** because it improperly includes a proposed order. *See* E.D. Mich. LR 7.1 cmt. (citing Elec. Filing Pols. & Procs. R 11(a)).

                                                                                           s/David M. Lawson  
                                                                                          DAVID M. LAWSON  
                                                                                          United States District Judge

Dated: September 8, 2022